## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JENNIFER J. REIST,

               Plaintiff,

-vs-                                             Case No.  2:10-cv-269-FtM-36SPC

SOURCE INTERLINK COMPANIES, INC.,
a Florida For Profit Corporation,

               Defendant.
_____

## **ORDER**

      This matter comes before the Court on Plaintiff's Motion to Compel Better Responses to Plaintiff's First Request for Production to Defendant and for Sanctions (Doc. #19) <u>AND</u> Plaintiff's Motion to Compel Better Answers to Plaintiff's First Set of Interrogatories to Defendant and for Sanctions (Doc. #20), both filed on September 22, 2010.  Plaintiff's motions indicate Defendant stands in opposition and included Defendant's objections, therefore eliminating the requirement that Defendant file responses.  The Motions are now ripe for review.

      The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request."  Fed. R. Civ. P. 34(b).  Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories.  Fed. R. Civ. P. 33(b).  If the serving party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure.  Fed. R. Civ. P. 37(a).  Whether or not to grant the motion to compel is at the discretion of the trial court.  <u>Commercial Union Insurance Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984).

**Requests for Production**

The Plaintiff moves the Court to Compel production request numbers 1, 16, 18, 21, 24, 26, and 28. Production request number 1 reads:

> **You are requested to produce any and all incident reports that document any incidents involving any type of sexual harassment or retaliation reported by SOURCE'S employees/ agents /independent contractors within the past five (5) years.**

Defendant objects to this Request on the grounds that it is overly broad, immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it: (1) contains no temporal limitation to the relevant period of Plaintiff's case; (2) seeks information about other employees, in positions different than the plaintiff, and involves decision makers other than those allegedly involved in the instant case; and (3) has no relevance on any of the claims or defenses in this action.

Defendant's objection is not well taken regarding the Plaintiff's request for any and all incident reports made by employees/agents/independent contractors involving sexual harassment or retaliation. The Court finds Request to Produce number 1 is relevant and is reasonably calculated to lead to the discovery of admissible evidence. As such, the Motion to Compel number 1 is due to be granted.

Production request number 16 reads:

> **You are requested to produce all performance appraisals for JAMES GILLIS that were completed in the past five (5) years.**

Defendant objects to this Request on the grounds that it is overly broad, immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it: (1) contains no temporal limitation to the relevant period of Plaintiff's case; (2) seeks

confidential personal information; and (3) seeks information not related to any of the claims or issues in the case.

Defendant's objection is not well taken regarding the Plaintiff's request for James Gillis' performance evaluations. The Court finds Request to Produce number 16 is relevant and is reasonably calculated to lead to the discovery of admissible evidence. Should the need arise, the Court will consider a Motion for a Protective Order for materials produced containing confidential personal information. As such, the Motion to Compel number 16 is due to be granted.

Production request number 18 reads:

**You are requested to produce all documents of SOURCE which mention the Plaintiff by name, including but not limited to minutes of board meetings, or supervisor meetings, whether formal or informal.**

Defendant objects to this Request on the grounds that it is unduly burdensome, overly broad in scope, irrelevant, immaterial, and seeks documentation not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents not at issue in this matter, and documents that do not concern any of the claim or defenses in this matter. Defendant further objects to this Request to the extent disclosure would implicate attorney-client or work product privileges. Without waiving these objections and limiting its response to records related to the reasons for Plaintiff's termination, Defendant will make those documents available at a mutually agreeable time and location at Plaintiff's expense.

Defendant's objection is not well taken regarding the Plaintiff's request for all documents created by the Defendant which mention Plaintiff by name. Defendant has made available documents only pertaining to Plaintiff's termination. Documents created by Defendant which mention Plaintiff by name are reasonably likely to concern a claim or defense in this case and are

therefore relevant.  The Court finds Request to Produce number 18 is relevant and is reasonably calculated to lead to the discovery of admissible evidence.  Objections asserting privilege must comply with Federal Rule of Civil Procedure 26(b)(5)(A).[1]  As such, the Motion to Compel number 18 is due to be granted.

Production request number 21 reads:

**You are requested to produce a copy of all complaints, reprimands or disciplinary actions directed against JAMES GILLIS while employed at SOURCE.**

Defendant objects to this Request on the grounds that it is overly broad, immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it: (1) contains no temporal limitation to the relevant period of Plaintiff's case; (2) seeks confidential personal information; and (3) seeks information not related to any of the claims or issues in the case.

Defendant's objection is not well taken regarding the Plaintiff's request for copies of all complaints, reprimands or disciplinary actions directed against Gillis.  The Court finds Request to Produce number 21 is relevant and is reasonably calculated to lead to the discovery of admissible evidence.  Should the need arise, the Court will consider a Motion for a Protective Order for materials produced containing confidential personal information.  As such, the Motion to Compel number 21 is due to be granted.

Production request number 24 reads:

**You are requested to produce any/all letters, notes, memoranda, correspondence, e-mails, contracts, or other documents between SOURCE and JAMES GILLIS, specifically relating to the Plaintiff.**

---

[1] Fed. R. Civ. P. 26(b)(5) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:  (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").

Defendant objects to this Request on the grounds that it is overly broad in scope, irrelevant, immaterial, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents not at issue in this case, and documents that do not concern any of the claims or defenses in this matter.  Defendant further objects to this Request to the extent disclosure would implicate attorney-client or work product privileges.

Defendant's objection is not well taken regarding the Plaintiff's request for communicatory documents between Defendant and Gillis specifically relating to the Plaintiff. Limiting the production of documents to only those pertaining to Plaintiffs termination ignores three of the four claims set forth in Plaintiff's complaint.  Letters, notes, memoranda, correspondences, emails, contracts, and other documents between Defendant and Gillis, specifically about the Plaintiff are relevant and reasonably calculated to lead to the discovery of admissible evidence.  Objections asserting privilege must comply with Federal Rule of Civil Procedure 26(b)(5)(A).  As such, the Motion to Compel number 24 is due to the granted.

Production request number 26 reads:

**You are requested to produce the employee file, including any and all applications for employment, and resumes for JAMES GILLIS. Please be advised that an objection as it relates to privacy rights of the employee is not a valid response as Plaintiff will accept copies that are redacted so that any personal contact information cannot be disseminated to third parties.**

Defendant objects to this Request on the grounds that the information contained in James Gillis' personnel file is confidential, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant's objection is not well taken regarding the Plaintiff's request for Gillis' employment file.  The Court finds Request to Produce number 26 is relevant and is reasonably calculated to lead to the discovery of admissible evidence.  Should the need arise, the Court will

consider a Motion for a Protective Order for materials produced containing confidential personal information. As such, the Motion to Compel number 26 is due to be granted.

Production request number 28 reads:

> **Copies of all SOURCE policies, procedures, training manuals, any instructional materials or any other written documents that evidence any training provided by SOURCE to JAMES GILLIS.**

Defendant objects to this Request on the grounds that it is overly broad, immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it: (1) contains no temporal limitation to the relevant period of Plaintiff's case; (2) seeks information not related to any of the claims or issues in the case.

Defendant's objection is not well taken regarding the Plaintiff's request for procedural materials as well as other materials used in the training of Gillis. The Court finds Request to Produce number 28 is relevant and is reasonably calculated to lead to the discovery of admissible evidence. As such, the Motion to Compel number 28 is due to be granted.

### Requests for Answers to Interrogatories

The Plaintiff moves the Court to Compel Defendant to answer interrogatories numbered 6, 9, and 14. Interrogatory number 6 reads:

> **Please provide the names and last known address for each member of SOURCE'S board of directors from September 24, 2007 through January 15, 2009.**

Defendant objects to this Request on the grounds that it is overly broad, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in that the names and addresses of Defendant's board of directors have no bearing on the parties' ability to establish their claims or defenses in this case.

Defendant's objection is not well taken regarding the request for names and addresses for each member of the Board of Directors for the relevant time period. The interrogatory only asks for the names and addresses of a very limited and defined group of people, this interrogatory is not overbroad. The court finds Interrogatory 6 is relevant and is reasonably calculated to lead to the discovery of admissible evidence. As such, the Motion to Compel number 6 is due to be granted.

Interrogatory number 9 reads:

> **Please give a detailed account of the actions taken by SOURCE to investigate the Plaintiff's claims of sexual harassment against JAMES GILLIS. This request includes, but is not limited to;**
> **A. a list of the employees(s) who were interviewed;**
> **B. when the interviews took place;**
> **C. the beginning and ending date of the investigation;**
> **D. who were the primary person(s) who conducted the investigation; and**
> **E. the actions taken by SOURCE against JAMES GILLIS.**

Defendant objects to this Interrogatory to the extent it assumes facts (i.e., that Plaintiff complained about sexual harassment during her employment with Defendant). To the extent this Interrogatory seeks information after the cessation of Plaintiff's employment, any investigation into Plaintiff's sexual harassment claim commenced only after Defendant was made aware of Plaintiff's claims through her Charge of Discrimination, and, therefore, was done in anticipation of litigation, and is protected by the attorney-client privilege and the work product doctrine.

Defendant's objection is not well taken regarding Plaintiff's request for the above listed information regarding any investigation into Plaintiff's sexual harassment claims against Gillis. Defendant's initial response indicated that there was an investigation into sexual harassment claims, but the investigation commenced after Defendant was made aware of the discrimination charges. Defendant asserts all information relating to interrogatory number 9 was compiled in

anticipation of litigation, therefore privileged and work product. The Court disagrees. There is no indication or explanation why a detailed account of the investigation would be privileged. Additionally, Defendant gave no indication or explanation as to why subparts "A" through "E" would be considered work product. The list of employees who were interviewed is discoverable because the Plaintiff is entitled to contact current and former employees, and supervisors who may have knowledge about the case. See Hernandez v. Wilsonart Intern., Inc., 2010 WL 2557675 at *1–2 (M.D. Fla. 2010) (citing Ratesi v. Sun State Trees & Prop. Maint., 2007 WL 2566037 at *1–3 (M.D. Fla. 2007)). The remaining subparts are not privileged or work product, but are relevant to Plaintiff's claim and therefore discoverable. As such, the Motion to Compel number 9 is due to be granted.

Interrogatory number 14 reads:

> **Please state the facts upon which SOURCE relies for each affirmative defense in its answer.**

Defendant objects to this Interrogatory on the grounds that it invades counsel's thought-process which is protected by the attorney-client and/or work product privileges.

Defendant's objection is not well taken regarding the Plaintiff's request for facts supporting each affirmative defense. The Defense is correct that counsel's thought-process is protected by either attorney-client, or work product privilege, but general facts to support an affirmative defense does not invade counsel's thought-process. An affirmative defense may be pleaded in general terms and will be held to be sufficient as long as it gives the Plaintiff fair notice of the nature of the defense. Harvey v. Lake Buena Vista Resort, LLC., 568 F. Supp. 2d 1354, 1360 (M.D. Fla. 2008). The Defendant bears the burden of proof on its affirmative defenses. Spellman v. RSC Equip. Rental, Inc., 2010 WL 450400 at *5 (M.D. Fla. 2010). This means the Defendant must make a showing that an affirmative defense is applicable. Blue Cross

and Blue Shield of Alabama v. Weitz, 913 F.2d 1544, 1552 (11th Cir. 1990).  Defendant is not required to make a detailed narrative of their case, but is required to detail the appropriate application of law to fact.  See Hendricks v. Mirabilis Ventures, Inc., 2008 WL 423566 at *2 (M.D. Fla. 2008). As such, the Motion to Compel number 14 is due to be granted.

In addition to the Motions to Compel, Plaintiff also moves for attorney's fees and costs under Fed. R. Civ. P. 37(a)(4)(A).  Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991).  At this point in the proceedings, the Court does not find just cause that would require the Court to impose attorney's fees and sanctions.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion to Compel Better Responses to Plaintiff's First Request for Production to Defendant and for Sanctions (Doc. #19) is **GRANTED** in part and **DENIED** in part.

   (A) Request for Production numbers 1, 16, 18, 21, 24, 26, and 28 are **GRANTED.** Defendant must fully and completely produce materials, documents, or information requested in the above mentioned requests for production **by October 29, 2010.** Any claims of privilege must comply with Federal Rules of Civil Procedure 26(b)(5)(A)(ii).

   (B) Request for Attorney Fees is **DENIED.**

(2) Motion to Compel Better Answers to Plaintiff's First Set of Interrogatories to Defendant and for Sanctions (Doc. #20) is **GRANTED** in part and **DENIED** in part.

(A) Request for Answers to Interrogatories numbered 6, 9, and 14 are **GRANTED.** Defendant must fully and completely answer the above mentioned interrogatories **by October 29, 2010.** Any claims of privilege must comply with Federal Rules of Civil Procedure 26(b)(5)(A)(ii).

(B) Request for Attorney Fees is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of October, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record