UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER J. REIST,

                Plaintiff,

-vs-                                        Case No. 2:10-cv-269-FtM-36SPC

SOURCE INTERLINK COMPANIES, INC.,
a Florida For Profit Corporation,

                Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Better Responses to Plaintiff's Second and Third Requests for Production to Defendant and for Sanctions (Doc. #27) filed on November 5, 2010. Defendant, Source Interlink Companies, Inc., filed a timely response in opposition of Plaintiff's motion on November 10, 2010. Therefore, this motion is ripe for review.

### Discussion

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial. Id. However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. "Courts have long held that '[w]hile the standard of relevancy [in

discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)).

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a party. Id.

*(1) Plaintiff's Second Request for Production Number 4*

The Plaintiff moves the Court to Compel Defendant to answer request No. 4 of Plaintiff's Second Request for Production. Production request No. 4 reads:

> **You are requested to produce a copy of any and all releases, settlement agreements, separation agreement or severance agreement entered into between SUSAN ELLES and SOURCE.**

Defendant's response to production request No. 4 reads:

> Source objects to this Request on the grounds that it is overly broad, immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it: (1) seeks confidential personal information, and (2)

seeks information not related to any of the claims or issues in this case. See responses to Request Nos. 2 and 3.

(Doc. #27 at 4).

Generally, a party may obtain discovery of all matters, not privileged, which are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). However, the above request seeks settlement information and negotiations, which are generally inadmissible at trial under Federal Rule of Evidence 408. Even though the information subject to discovery does not have to be admissible, there does need to be some factual probability it will lead to admissible evidence. Although not directly applicable to discovery, Rule 408 makes it unlikely information about prior settlements will lead to the discovery of admissible evidence. Shipes v. BIC Corp., 154 F.R.F. 301, 309 (M.D. Ga. 1994). When a discovery request is seeking inadmissible evidence, as is the case before this Court, many courts shift the burden to the requesting party, requiring them to make a particularized showing that the inadmissible evidence is likely to lead to admissible evidence.[1] This Court agrees that if a discovery request is seeking information subject to the exclusion under the Federal Rules of Evidence, such as settlement information,[2] then the burden shifts to the party seeking discovery, requiring them to make a particularized showing of likelihood that admissible evidence will be generated.

The Court finds Defendant's objections to request No. 4 have merit. The settlement information between the Defendant and Elles is likely to be inadmissible at trial under Rule 408. The Defendant has stated that there have been no other sexual harassment claims against Gillis, including the Elles settlement. Plaintiff appears to rely on speculation and conjecture when

---

[1] In re RDM Sports Group, Inc., 277 B.R. 415, 434 (N.D. Ga. 2002); Shipes v. BIC Corp., 154 F.R.D. 301, 309 (M.D. Ga. 1994); Morse/Diesel, Inc. v. Trinity Industries, Inc., 142 F.R.D. 80, 84 (S.D. N.Y. 1992); Bottaro v. Hatton Assoc., 96 F.R.D. 158, 160 (E.D. N.Y. 1982); White v. Kenneth Warren & Son, Ltd., 203 F.R.D. 364 (N.D. Ill. 2001).

[2] Another policy consideration is how "allowing discovery or negotiations between parties to an ongoing litigation can have a chilling effect on the parties' willingness to enter into settlement negotiations." White v. Kenneth Warren & Son, Ltd., 203 F.R.D. 364 (N.D. Ill. 2001).

trying to link the settlement information with the incidents between the Plaintiff and Gillis. The Plaintiff has not made any particularized showing to convince the Court that admissible evidence would result from the discovery of the settlement information.[3] Further, the Plaintiff has not given a factual basis, nor a particularized showing, of the relevance of information regarding the terms of a settlement. As such, Defendant's objections to request No. 4 are sustained, and the Motion to Compel a response to request No. 4 is due to be denied.

*(2) Plaintiff's Third Request for Production Number 1*

The Plaintiff moves the Court to Compel Defendant to answer request No. 1 of Plaintiff's Third Request for Production. Production request No. 1 reads:

> **You are requested to produce copies of any and all documents related to any and all complaints made to the EEOC or investigations initiated by the EEOC where Source, or any of its agents or employees, were a named party in any EEOC investigation.**

Defendant's response to production request No. 4 reads:

> Source objects to this Request on the grounds that it is over broad and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information about individuals who had no contact or relation to the [P]laintiff whatsoever, and regarding locations that have absolutely no connection to the [P]laintiff whatsoever. By way of explanation, although Source is headquartered in Bonita Springs, Florida, the company has more than 8,000 throughout North America. The Bonita Springs headquarters facility where the [P]laintiff worked had approximately 300 employees during the relevant time period.
>
> Given the nationwide scope of Source's business, the [P]laintiff's request for all documents related to any charges, without any limitation, is grossly overbroad and is nothing more than an impermissible "fishing" expedition. This is especially true where, like in this case, Source has already stated that the alleged harasser, James Gillis, has had no other complaints lodged against him. See *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1084 (11th Cir. 1990) (citing *Joslin Dry Goods v. EEOC*, 483 F.2d 178, 183–84 (10th Cir. 1973) (finding that

---

[3] Even the possibility of obtaining impeachable statements will not lead to admissible evidence. Generally, courts should not admit inconsistent statements made during the course of a compromise negotiation for the purpose of impeachment. See EEOC v. Gear Petroleum, Inc., 948 F.2d 1542 (10th Cir. 1991).

> in a disparate impact case, discovery should be limited to a single store rather than companywide)[)].
>
> Moreover, the allegations raised in other charges against Source involve different personnel from those accused by the [P]laintiff in this litigation. Source is likely to be severely prejudiced in this matter if it is forced to defend itself against the allegations raised in other charges. This type of evidence inevitably will result in a series of mini-trials which will distract the jury from the pertinent issues to be decided in this matter to the extent it: (1) contains no temporal limitation to the relevant period of Reist's case; (2) seeks information about other employees, in positions different than the [P]laintiff, and involves decision makers other than those allegedly involved in the instant case; and (3) has no relevance on any of the claims or defenses in this action.

(Doc. #27 at 5–6).

Defendant's objections to request No. 1 have merit, and the Court finds some limitations are warranted. The production request is overbroad as it has no limitations to time or to subject matter. With limitations to time and scope, the request is calculated to lead to the discovery of relevant and admissible evidence. The Equal Employment Opportunity Commission (EEOC) covers a vast area of employment discrimination, of which many areas are irrelevant to the case before this Court.[4] The request is overbroad as it asks for the production of all complaints made to the EEOC and EEOC initiated investigations. The Court will limit the request to only the complaints made to the EEOC or EEOC initiated investigations dealing with the area alleged in the Plaintiff's complaint—sexual harassment, sex discrimination, and retaliation. Further, the Court finds it necessary to limit the timeframe to complaints made to the EEOC, or EEOC initiated investigations made within the last **FIVE YEARS**. Plaintiff is claiming negligent supervision and retention against the Defendant, not just Gillis, therefore EEOC claims within the corporation, regardless of location, are relevant and calculated to lead to the discovery of

---

[4] The EEOC enforces laws which prohibit discrimination based on Age, Disability, Equal Pay/Compensation, Genetic Information, National Origin, Pregnancy, Race/Color, Religion, Retaliation, Sex, and Sexual Harassment.

admissible evidence. As such, the Motion to Compel a response to request No. 1 is due to be granted with the limitations set out above.

### *(3) Plaintiff's Request for Attorney Fees and Sanctions*

In addition to the Motion to Compel, Defendant also moves for attorney's fees and costs, and additional sanctions under Fed. R. Civ. P. 37(a)(4)(A). Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991). At this point in the proceedings, the Court does not find just cause that would require the Court to impose attorney's fees and/or sanctions. Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Compel Better Responses to Plaintiff's Second and Third Requests for Production to Defendant and for Sanctions (Doc. #27) is **GRANTED** in part and **DENIED** in part.

(1) Plaintiff's Motion to Compel Better Responses to request No. 4 of the Plaintiff's Second Request for Production is **DENIED**.

(2) Plaintiff's Motion to Compel Better Responses to request No. 1 of Plaintiff's Third Request for Production is **GRANTED** with the limitations outlined above. Defendant must fully and completely answer request No. 1 by **December 13, 2010.**

(3) Plaintiff's request for Attorney Fees is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   29th   day of November, 2010.

*[signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record